# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|                          |   |                                        |
|--------------------------|---|----------------------------------------|
| TIMOTHY LEWIS,           | : |                                        |
|                          | : | Civil Action No. 3:18-cv-13134 (BRM)   |
| Plaintiff,               | : |                                        |
|                          | : |                                        |
| v.                       | : | **OPINION**                            |
|                          | : |                                        |
| JOSEPH PAONE, et al.,    | : |                                        |
|                          | : |                                        |
| Defendants.              | : |                                        |

Before this Court is *pro se* pre-trial detainee Timothy Lewis's ("Plaintiff") Amended Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 6.) Based on his affidavit of indigence (ECF No. 4), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint (ECF No 5).

At this time, the Court must review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes the Amended Complaint should be dismissed.

**I. BACKGROUND**

According to the Amended Complaint, at a court appearance in his state criminal case on June 18, 2018,[1] the Honorable Joseph Paone threatened to "come off his post himself and assault Plaintiff." (Am. Compl. 9.) Judge Paone allegedly ordered sheriff's officers to "forcibly and with

---

[1] The factual allegations are taken from the Amended Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

excessive force, shut the plaintiff's mouth by means of assault, deadly force, tazing [sic], while handcuffed all along, macing or bodily injury, threatening and intimidating tactics into his courtroom." (*Id.*) Plaintiff alleges the prosecutor, Amber Gibbs, failed to intervene and failed to pursue criminal action against Judge Paone. (*Id.* at 10.) Plaintiff's co-counsel, Michael B. Roberts, also failed to intervene or report Judge Paone.[2] (*Id.*)

Plaintiff is seeking monetary damages and requests the Court vacate his criminal conviction.[3]

## II. LEGAL STANDARD

### A. Standard for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

---

[2] Plaintiff was proceeding pro se, with Mr. Roberts acting as his co-counsel.

[3] Plaintiff's request to have his conviction vacated is denied. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of [her] confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). In other words, the Court cannot order Plaintiff's release from custody in a § 1983 action. Such relief may only be granted under 28 U.S.C. § 2254 after Plaintiff has exhausted his state court remedies.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**III. DECISION**

According to the transcript of the June 18th hearing, Judge Paone was attempting to rule on a motion Plaintiff was not prepared to argue. While the judge was making his ruling, Plaintiff continued to speak and interrupt him, leading to the following exchange:

> THE COURT: Sir, I am not going to argue with you. I –
> MR. LEWIS: It's not --
> THE COURT: listen ---
> MR. LEWIS: -- it's not an argument.
> THE COURT: -- you're going to keep your mouth quiet, okay?
> MR. LEWIS: So you're directing me to be quiet?
> THE COURT: I am -- I'm ordering you –
> MR. LEWIS: You're threatening me.
> THE COURT: -- and-- and if you don't, I'm going to gag you.
> MR. LEWIS: You are. You're threatening me?
> THE COURT: Yes.
> MR. LEWIS: You're threatening me in court?
> THE COURT: I'm threatening you. It's on the record.
> MR. LEWIS: Okay. I don't understand that.
> THE COURT: All right. We're going to proceed sir. All right.
> MR. LEWIS: NO, get me off this dude, man, so I can leave, because I don't understand. I'm not moving forward. I don't understand.
> THE COURT: Pham told the officer that the other victims Elijah Casus and Nader Hanna had chased the suspects - -
> MR. LEWIS: No, I'm not doing that.
> COURT OFFICER: Sit down.
> MR. ROBERTS: Lewis, sit down.
> MR. LEWIS: No. I'm not moving forward.
> COURT OFFICER: Come on.
> MR. LEWIS: I'm not allowed to do this.
> THE COURT: You know what, we're going to –
> MR. LEWIS: I don't understand this. Like, he's trying to do this. Like that's illegal. You're not allowed to do that.
> THE COURT: Okay.
> MR. LEWIS: I just, I'm not prepared legally.
> THE COURT: Have a seat. Have a seat.
> MR. LEWIS: I'm not – I'm not prepared legally.
> THE COURT: Do we - - do we have a gag? I'll shap [sic] you and gag you and you are going to listen to my decision.
> MR. LEWIS: Okay. And I'll put in a 1983 and we'll have to deal with that.
> THE COURT: You do what you got to do, sir, okay?
> MR. LEWIS: Well, I'm preparing to do.
> THE COURT: You know what, let's separate them.
> MR. LEWIS: Please.

> THE COURT: And bring him back.
> MR. LEWIS: Yeah. Please.

(Am. Compl., Ex. 2, Hr'g Tr. 18:6-20:10, June 18, 2018.)

With regard to his claims against Judge Paone, a judicial officer in the performance of his or her duties enjoys absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Absolute judicial immunity applies to all claims, whether official-capacity or personal-capacity, based on judicial acts. *See Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010) ("[J]udges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity.") (3d Cir. 2010) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority ...." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The immunity is not vitiated by "allegations of malice or corruption of motive." *Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015) (quoting *Gallos v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)).

"[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Despite Plaintiff's characterizations of Judge Paone's comments during the June 18th hearing, the judge's "threats" are in fact nothing more than his attempt to get Plaintiff to refrain from interrupting the proceedings. As is clear upon a review of the entire transcript, Plaintiff repeatedly, and often, interrupted Judge Paone to request to be released from custody so he could

5

see his family. The Judge informed him it was not possible, but Plaintiff was dissatisfied. Plaintiff was further agitated when Judge Paone decided to proceed with a motion Plaintiff was not prepared to argue. Plaintiff's reaction to that decision is what caused the disturbance.

As the Supreme Court has long held, a judge's exercise of control over the courtroom, including the admission and expulsion of attorneys and litigants, is a judicial act. *See Bradley v. Fisher*, 80 U.S. 335, 346–47 (1871) (judge's order expelling attorney from court was "in the lawful exercise and performance of his authority and duty as its presiding justice ... [and] was a judicial act"); *Mireles*, 502 U.S. at 12 ("[a] judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge"). Accordingly, it is clear Judge Paone's statement to Plaintiff that he was "threatening him," and his suggestion of a gag if Plaintiff would not stop interrupting, was a judicial act of maintaining control over his courtroom when confronted with a disruptive party. *Id.* It is also clear Judge Paone's actions were not taken in the absence of jurisdiction, as he took such actions to control a matter that was presently before him. *See Mireles*, 502 U.S. at 13 (ordering officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom" was a judicial act and not taken in the complete absence of all jurisdiction).

Because Judge Paone's actions were judicial in nature and not taken in the absence of jurisdiction, he is entitled to immunity. *Id.*

The exact nature of the claims against Defendant Roberts and Prosecutor Gibbs are unclear. To the extent Plaintiff is raising a conspiracy claim against them for failing to intervene when Judge Paone was "threatening him," such a claim would fail. In order to plead conspiracy under § 1983, a plaintiff must "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. The Supreme Ct. of New Jersey*, 588

F.3d 180, 185 (3d Cir. 2009). A bare allegation of an agreement is insufficient to sustain a conspiracy claim. *See Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012). Furthermore, "a § 1983 conspiracy claim is not actionable without an actual violation of § 1983." *Cherry v. Borough of Tuckerton*, No. 16–505, 2016 WL 7030428, at *3 (D.N.J. Dec. 1, 2016) (internal quotation marks and citations omitted). Plaintiff has alleged no facts to suggest a conspiracy of any kind. *See Twombly*, 550 U.S. at 556–57 (at the pleading stage, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality"); *Himchak v. Dye*, 684 F. App'x 249, 253 (3d Cir. 2017) (conclusory allegations of conspiracy are not sufficient to plead a claim these attorneys conspired with any state actors).

To the extent Plaintiff is trying to bring criminal charges against Defendants, he is not permitted to do so. *See Maine v. Taylor*, 477 U.S. 131, 137 (1986) ("[i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person"); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) ("[Plaintiff] has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual.").

Finally, to the extent Plaintiff is attempting to raise state law claims against these Defendants, the Court has dismissed all claims over which it has original jurisdiction and declines to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to

exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")

## IV. CONCLUSION

For the reasons stated above, the Amended Complaint will be dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. The claims against Judge Paone are dismissed with prejudice because permitting amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). With regards to Defendants Roberts and Gibbs, to the extent the Court has misconstrued the claims against these defendants, Plaintiff will be granted leave to file a second amended complaint. To the extent the Court has properly identified Plaintiff's claims, such claims are dismissed with prejudice as granting leave to amend would be futile. *Id.* An appropriate order follows.

Dated: January 10, 2020

> */s/ Brian R. Martinotti*
> **HON. BRIAN R. MARTINOTTI**
> **UNITED STATES DISTRICT JUDGE**